UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RIBAL HAJJ-HUSSEIN,<br><br>Defendant. | Case No. 2:22-cr-00169-JCM-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF No. 24 |

I. **Introduction**.

Pending before the Court is Defendant's Motion to Suppress.  ECF No. 24.  The Government responded to Defendant's Motion with a single paragraph stating that Defendant's statements to law enforcement will not be used in its case-in-chief, but may be used for impeachment purposes if Defendant takes the witness stand and testify inconsistently with his prior statements.  ECF No. 25.  No case law is cited and no discussion is offered.  *Id*.  Defendant's Reply argues that under Local Criminal Rule ("LCR") 47-3 the Government failed to file points and authorities in response to Defendant's Motion to Suppress and, therefore, the Motion should be granted.  ECF No. 26.  Defendant further argues that his statements are inadmissible for all purposes—including impeachment.  *Id*. at 3, *inter alia*, *Henry v. Kernan*, 197 F.3d 1021, 1029 (9th Cir. 1999).

The court in *Henry* found, generally, that "post-Miranda *voluntary* statement[s] may be used for impeachment purposes.  *Id*. (Emphasis added.)  However, the court also found that because the defendant's "post-*Miranda* statements were *involuntary*" they were "inadmissible for any purpose."  *Id*. at 1028 (emphasis added).  The court explained that law enforcement "officers set out in a deliberate course of action to violate *Miranda*," a fact that was undisputed by the State of California.  *Id*. at 1129.  The court also discussed California law (inapplicable here) noting that "out-of-court statements admitted for impeachment are, in fact, admitted for the purposes of proving the defendant's guilt," and, thus, no limiting instruction was given requiring consideration of the defendant's post-*Miranda* statements solely to determine defendant's credibility, which is "the

classic use of prior inconsistent statements …" *Id*. The court concluded that "[b]ased on the specific facts of th[e] case" before it, the prosecution was not permitted to use the defendant's post-*Miranda* statements for any purpose. *Id*.

**II.     Facts Applicable to the Pending Motion**.

The parties do not dispute that no Miranda warning was administered to Defendant during an interview by law enforcement that prompted statements Defendant seeks to suppress. ECF No. 24 at 5.[1] Rather, upon encountering law enforcement, Defendant was handcuffed, searched, and asked to submit to an interview. *Id*. at 4. Defendant was placed in a Las Vegas Metropolitan Police Department ("LVMPD") vehicle together with three law enforcement officers (from two agencies), handcuffs were removed, and he was told he was not under arrest. *Id*. LVMPD Detective Jacob proceeded to tell Defendant he was "not going to jail today"; law enforcement had a search warrant for Defendant's person, car, and apartment; and, the officers were "going to ask … [Defendant] a couple of questions and we're going to be honest with each other." *Id*. At some point during the questioning Defendant asked questions about whether he was ever going to jail and about the charges against him, to which Detective Jacob essentially says he did not know. *Id*. at 15-16. The end of information provided to the Court by Defendant shows Defendant asking: "Do I need to, what's the next step"; Detective Jacob responds: "The next step is you be cooperative. You might want to probably find somebody that gives you … advice, but the more cooperative you are, the better." *Id*. at 16.

Defendant says he was subject to a custodial interrogation without being *Mirandized* and his statements to law enforcement should be suppressed for all purposes. *Id*. at 11.

**III.    Discussion**.

The Court finds that while LR 47-3 provides a basis for granting Defendant's Motion to Suppress given the Government's failure to file points and authorities in response to the Motion, doing so in this case is not in the interest of justice. *United States v. Hylton*, Case No. 2:17-cr-00086-HDM-NJK, 2020 WL 4516826 at *1 (D. Nev. Aug. 5, 2020) ("suppressing evidence on the sole

---

[1] All facts are uncontested as the Government's response to Defendant's Motion addresses no facts whatsoever and offers nothing otherwise to call into question the accuracy of the presentation by Defendant in his Motion. ECF No. 25.

ground that the [G]overnment did not file sufficient points and authorities would not be in the interests of justice."). The Court further finds Defendant's Motion demonstrates through an examination of the totality of the circumstances that he was in custody at the time he was questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994); *United States v.* Craighead, 539 F.3d 1073, 1084 (9th Cir. 2008); *United States v. Kim*, 292 F.3d 969, 974 (9th Cir. 2002).

Law enforcement initially requested Defendant submit to an interview while his home and car were being searched. Defendant was initially handcuffed and placed in a police vehicle with three law enforcement officers. Handcuffs were removed and Defendant was told he was being interviewed and not under arrest. Defendant was not told at any time during the interview he was free to leave or free to refuse to answer questions posed. Evidence suggesting Defendant's guilt was discussed with him after which he was then told it was his time to tell his side of the story. After asking if he was going to jail the day of the interview or ever, and asking what he was charged with, Defendant was told the next step was his cooperation. The interview lasted a little more than an hour.

The totality of these circumstances support that the presentation of evidence of guilt, the physical surrounding of the interview—which was in a police vehicle that isolated Defendant from everything including an easy exit, the length of the interview, and that Defendant was never told he was free to leave or even terminate the interview, supports the conclusion that Defendant was in custody at the time of questioning by law enforcement. ECF No. 24 at 15-16. However, this conclusion does not lead to suppression of Defendant's statements to law enforcement for all purposes. The Court must next determine if Defendant's statements were involuntary. *Henry*, 197 F.3d at 1028.

To determine whether Defendant's statements were involuntary, the Court must consider whether he was "overborne by the circumstances surrounding the giving of the confession, an inquiry that takes into consideration the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *U.S. v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) *quoting*, in part*, Dickerson v. United States*, 530 U.S. 428, 434 (2000) *quoting*

*Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (internal quote marks, backets, and emphasis omitted).

> Each of these factors, in company with all of the surrounding circumstances—the duration and conditions of detention (if the confessor has been detained), the manifest attitude of the police toward him, his physical and mental state, the diverse pressures which sap or sustain his powers of resistance and self-control—is relevant.

*Id*. quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961).  Further, whether Defendant's statements were voluntary "'is not limited to instances in which the claim is that police conduct was inherently coercive,' … but 'applies equally when the interrogation techniques were improper only because, in the particular circumstances of the case, the confession is unlikely to have been the product of a free and rational will.'" *Id*. quoting *Miller v. Fenton*, 474 U.S. 104, 110 (1985) (further citations omitted).

Defendant offers no discussion or analysis of the factors discussed in *Preston* or whether Defendant's statements were contrary to free and rational will.  ECF No. 24 at 19-21.  Instead, Defendant argues only that an evidentiary hearing must be held.  *Id.* at 20-21.  In Reply Defendant says the Court must grant his Motion to Suppress because the Government did not offer points and authorities in response to his Motion.  ECF No. 26.  But, the Local Rule upon which Defendant relies in support of this argument also says: "The failure of a *moving party* to include points and authorities in support of the motion constitutes a consent to denying the motion."  LCR 47-3 (emphasis added).  Applying this portion of the Local Rule to Defendant (the moving party), given Defendant's failure to provide any points or authorities in support of that portion of his Motion arguing his statements were involuntary would lead to denial of his Motion.  However, just as it is inequitable to apply LCR 47-3 to Plaintiff, applying the rule to Defendant would not serve justice.  *Hylton*, 2020 WL 4516826 at *1.

**IV.  Recommendation**.

Accordingly, IT IS HEREBY RECOMMENDED that the Motion to Suppress (ECF No. 24) be GRANTED in part and DENIED *without prejudice* in part.

IT IS FURTHER RECOMMENDED that Defendant's Motion to Suppress be GRANTED to the extent that Defendant's statements to law enforcement may not be introduced in the Government's case-in-chief.

IT IS FURTHER RECOMMENDED that the Motion to Suppress be DENIED *without prejudice* as to the issue of whether Defendant's statement to law enforcement were involuntary and therefore inadmissible for impeachment purposes only should Defendant testify.

IT IS FURTHER RECOMMENDED that, if Defendant so chooses, he be permitted to refile a Motion to Suppress introduction of his statements to law enforcement for purposes of impeachment (which may include a request for an evidentiary hearing) based on lack of voluntariness. The Government may respond within 14 days of the date of the filing.

IT IS FURTHER RECOMMENDED that if Defendant chooses to refile a Motion to Suppress introduction of his statements to law enforcement for purposes of impeachment, Defendant be ordered to provide the Court with a copy of the recorded interview at issue.

IT IS FURTHER RECOMMENDED that if Defendant chooses to refile a motion to suppress introduction of his statements to law enforcement for purposes of impeachment, he must do so no later than twenty-one (21) days after the date of this Recommendation unless an objection is filed in which case the due date for any subsequent motion be extended until twenty-one (21) days after the date on which the Court rules on such objection.

Dated this 7th day of February, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address

and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).